UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHHAY FOOD LLC DBA CRISPY DONUT           CIVIL ACTION NO. 20-cv-1360

VERSUS                                    JUDGE ELIZABETH E. FOOTE

TWIN CITY FIRE INSURANCE CO               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Chhay Food, LLC dba Crispy Donut ("Plaintiff") filed this civil action in state court against Twin City Fire Insurance Co. ("Twin City") based on an insurance dispute. Twin City removed the case based on an assertion of diversity jurisdiction, which puts the burden on it to allege specific facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. Before the court can assess whether subject matter jurisdiction exists, more information is needed regarding the citizenship of the parties.

The notice of removal alleges that Plaintiff is a "domestic corporation" with its principal place of business in Caddo Parish, Louisiana. However, the "LLC" in Plaintiff's name suggests that it is a limited liability company rather than a corporation. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs,

corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Twin City must file an amended notice of removal that contains specific allegations with respect to Plaintiff's form of entity. If Twin City continues to contend that Plaintiff is a corporation, it should explain the inclusion of LLC in its name and cite legal authority for including those letters in the name of a corporation formed under Louisiana law. If Plaintiff is actually a limited liability company, the amended notice of removal will need to set forth its members and their citizenship in accordance with the rules set forth above. Counsel for Plaintiff is directed to promptly provide any necessary membership information to defense counsel so that the issue of jurisdiction can be resolved promptly and efficiently.

The notice of removal alleges that Twin City is "a foreign insurance company that is organized under the laws of Indiana with its principal place of business in Connecticut." The notice of removal does not specifically allege Twin City's type of entity. If it is a corporation, then the allegations regarding its state of incorporation and principal place of business are sufficient. If, however, it is an unincorporated entity, such as an LLC or partnership, then its citizenship must be set forth in accordance with the rules set forth above.

Twin City is ordered to file its amended notice of removal no later than **November 12, 2020**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of October, 2020.

Mark L. Hornsby
U.S. Magistrate Judge